Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JASMINE ELLIS an Individual,<br>TYREL BEERY, an Individual,<br>MICHELLE LIEBE, an Individual,<br>JENNIFER (RUBY) CHAVEZ, an Individual,<br>JILL BRANDT, an Individual,<br>ELIZABETH TARRIES, an Individual<br><br>                    Plaintiffs,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>                    Defendant. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

COME NOW, Plaintiffs, through counsel, and file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

### INTRODUCTION

1.

This case centers around the Plaintiffs, former employees of Defendant OHSU, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

### JURISDICTION, VENUE, AND PARTIES

Page 1 – COMPLAINT FOR DAMAGES

2.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Portland area. Defendant is a public corporation incorporated in, and with a principal place of business, in Oregon. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, governs the university. As a public corporation, it receives federal and state funding. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

3.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

4.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic. Each were exceptional employees, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary. Sometime in the summer of 2021, the Defendant imposed a vaccine mandate to its employees, but, consistent with law, permitted employees to apply for religious or medical exceptions to the vaccine.

5.

Each Plaintiff also held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines.

6.

## JASMINE ELLIS

Plaintiff Jasmine Ellis was employed as a Customer Associate for approximately one year by OHSU. Plaintiff Ellis applied for a religious exception due to her strongly held Christian beliefs, which was denied. She was placed on unpaid administrative leave and then terminated on or about December 2, 2021. Plaintiff Ellis has been traumatized by this experience and she feels betrayed by Defendant. She has suffered major stress, anxiety, and headaches. As a result of her unlawful termination, Plaintiff Ellis lost her income and benefits, and couldn't afford to pay her bills or rent. Plaintiff Ellis received a right to sue letter from the EEOC on August 29, 2023. Plaintiff Welch has suffered economic damages of at least $55,676.00 in past and future wage and benefit loss, and non-economic damages of at least $100,000.00, or an amount to be determined at trial.

7.

## TYREL BEERY

Plaintiff Tyrel Beery worked for Defendant for approximately four years as a Fleet Mechanic, and he consistently received positive reviews. He had little to no contact with patients and worked alone in his building.

8.

When the COVID-19 mandate was imposed, Plaintiff Beery applied for a religious exception to the COVID-19 vaccine due to his deeply held Christian religious beliefs. Plaintiff Beery believes that all life is sacred to God, and that life begins at conception, so he could not take any of the vaccines due to aborted fetal cells used in the development or testing of the vaccines. To do so would create a religious and moral conflict with his beliefs. Plaintiff Beery's religious exception was not approved and on October 19, 2021, he was placed on unpaid leave, and then terminated.

9.

Plaintiff Beery applied for unemployment, which he received, although it was appealed. Plaintiff Beery was unable to find new employment in Oregon, so he and his family were forced to sell their home and move to another state for employment. However, this new job paid less with no benefits. Plaintiff Beery has bought another home, but now must pay much higher interest rates on his mortgage. Due to OHSU's unlawful termination, Plaintiff Beery has suffered a great deal of stress and anxiety and intensified PTSD symptoms and depression. Plaintiff Beery received a right to sue letter from the EEOC on September 18, 2023. Plaintiff Beery suffered economic damages of at least $104,261.00 in current and future wage loss, lost benefits, retirement contributions, and moving expenses, and non-economic damages of at least $300,000.00 or an amount to be determined at trial.

10.

## MICHELLE LIEBE

Plaintiff Michelle Liebe was employed for over four years as a Medical Laboratory Scientist. She received excellent annual reviews, was asked to be a part of the Stroke Advisory Committee and given other meaningful responsibilities. Prior to her placement on unpaid leave, Plaintiff Liebe earned approximately $41.00 hourly and enjoyed a generous benefit package.

11.

Plaintiff Liebe has deeply held Christian beliefs and filed a request for a religious exception to the vaccine mandate on September 20, 2021. Plaintiff Liebe's faith is very important to her and is continuously growing. She prayed deeply and read the bible and the Holy Spirit told her that taking the vaccine was not for her. Plaintiff Liebe's exception request was denied and on October 7, 2023, her job position was posted. Instead of being provided reasonable accommodations, Plaintiff Liebe was placed on unpaid leave on October 19, 2021, and then terminated on December 2, 2021.

12.

Plaintiff Liebe lost not only her income but her health and life insurance. Her termination

from OHSU has caused financial, emotional and relationship stress on her marriage and family. Plaintiff Liebe received a right to sue letter from the EEOC on September 18, 2023. Plaintiff Liebe suffered economic damages of at least $187,000.00 in past and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $350,000 or in an amount to be determined at trial.

13.

**JENNIFER (RUBY) CHAVEZ**

Plaintiff Ruby Chavez was employed by OHSU's Home Infusion Pharmacy for over two years as an Infusion Nurse, working directly with patients. Plaintiff Chavez has been a nurse for twenty-five years and had found her dream job; at OHSU she loved her patients and colleagues, and her flexible work schedule. In order to work for OHSU Plaintiff Chavez had left a good position that had taken her years to acquire. Plaintiff Chavez believed that she had found her "forever" job at OHSU.

14.

Due to her deeply held Christian religious beliefs, Plaintiff Chavez was unable to get any of the available COVID-19 vaccines. She applied for a religious exception on September 19, 2023, which was denied. Plaintiff Chavez was placed on unpaid leave on or about October 19, 2021, and was subsequently terminated on or about December 2, 2023.

15.

The loss of Plaintiff Chavez's job caused great emotional distress and financial hardship. She is the only parent of a special needs child, which limits her ability to work weekends and night shifts. Her job with OHSU had allowed her to set her own schedule, traveling to patients' homes to administer specialty medicines. Plaintiff Chavez loved her job and planned to stay until she retired. She lives in a rural area and day shift positions that do not require working weekends are rare. Although Plaintiff Chavez was able to receive unemployment, and eventually returned to working for her prior employer, she has not been able to obtain permanent employment with a

schedule that suits her family, much less match the compensation and benefits from OHSU. Plaintiff Chavez is now being forced to move out of state and sell her home in order to pay her debts, get a job that suits her family's schedule, and that offers good benefits and a retirement plan. This move is incredibly hard on her special needs child and is causing an exacerbation of his issues. Plaintiff Chavez received a right to sue letter from the EEOC on August 29, 2023. Plaintiff Chaves lost her income, health insurance and other benefits, and was not able to get the surgery she needed. Plaintiff Chavez suffered economic damages of at least $211,000.00 in past wage loss, $366,000.00 in future wage loss and non-economic damages of at least $1,000,000.00 or in an amount to be determined at trial.

16.
## JILL BRANDT

Plaintiff Jill Brandt was employed by OHSU for approximately four years without incident and with exclusively positive reviews as a Electroneurodiagnostic (END) Technologist. As an EEG technologist, she performed electrical brain activity testing on adult and pediatric epilepsy and ICU patients. Plaintiff Brandt was trained to work on specialty cases, and in turn became a trainer. She received accolades from her supervisors, managers and attending physicians for her skills. Plaintiff Brandt found great value in her work and highly valued the social connections she made with the patients she served and with her coworkers. At the time of her termination, Plaintiff Jill Brandt was making approximately $78,665.00 yearly, with a generous benefits package.

17.

When the COVID-19 vaccine mandate was imposed, Plaintiff Brandt did not apply for a religious or medical exception to the vaccine as she was told that no accommodations would be made for anyone who worked directly with patients, as she did. Plaintiff Brandt believes that it is

against her conscience to place anything in her body that may affect it permanently. She was placed on unpaid leave on October 18, 2021, and terminated on December 2, 2021.

18.

Plaintiff Brandt has suffered much mental and emotional distress, insomnia, worry, fear sadness, anger, and grief that she was terminated not for any adverse event at work, but for her religious and medical choice. Plaintiff Brandt has lost the career she worked so hard for and the plans that she had for her future. She has had to start over from scratch, and now has her own business, which she is still building. Plaintiff Brandt has had to withdraw money from her savings and from her retirement account. Plaintiff Brandt received a right to sue letter from the EEOC on July 18, 2023. Plaintiff Brandt suffered economic damages of no less than $166,476 in past wage loss, $276,835 in future wage loss and non-economic damages of $750,000.00 or in an amount to be determined at trial.

19.

**ELIZABETH TARRIES**

Plaintiff Elizabeth Tarries was employed as a Registered Nurse at OHSU for approximately ten years. At the time of her placement on unpaid leave, Plaintiff Tarries earned $50.00 hourly, with a generous benefits package.

20.

Plaintiff Tarries applied for a religious exception on or about September 18, 2021, due to her strong Christian beliefs. Plaintiff Tarries is a Catholic and believes in the sanctity of life, and that life begins at conception. As such, she and her family avoid all vaccines and products, to the best of their ability, that were manufactured or tested on aborted fetal cells. After an initial denial of her religious exception request, Defendant accepted it, but instead of accommodating her,

placed her on indefinite unpaid leave on October 19, 2021. Plaintiff Tarries lost her income and benefits, including health insurance and retirement. Plaintiff Tarries received a right to sue letter from the EEOC on August 29, 2023. Plaintiff Tarries suffered past and future economic damages and non-economic damages in an amount to be determined at trial.

21.

**FIRST CLAIM FOR RELIEF – All Plaintiffs**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

22.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

23.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

24.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

25.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

26.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been

damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

27.

## SECOND CLAIM FOR RELIEF- All Plaintiffs
### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

28.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

29.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

30.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

31.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

32.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, but that exceeds $1,000,000.00, and for non-economic damages

in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be determined at trial but exceeding $1,000,000.00.
2. Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.
3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 23rd day of October, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff