IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASMINE ELLIS an Individual, TYREL BEERY, an Individual, MICHELLE LIEBE, an Individual, JENNIFER (RUBY) CHAVEZ, an Individual, JILL BRANDT, an Individual, ELIZABETH TARRIES, an Individual, | 3:23-cv-01555-JR  FINDINGS & RECOMMENDATION |
| Plaintiffs, | |
| v. | |
| OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiffs bring this action alleging employment discrimination. On May 16, 2024, the Court, on defendant Oregon Health and Science University's (OHSU) motion, dismissed the Title VII claims brought by plaintiffs Jasmine Ellis, Michelle Liebe, Jennifer Chavez, and Jill Brandt without prejudice (ECF 16, 18). Plaintiffs now seek leave to amend adding new allegations seeking to cure the deficiencies noted in the Court's order dismissing certain plaintiffs' Title VII failure to accommodate claims but also adds within the Title VII claim: wrongful termination; wrongful reduction in pay; retaliation; a company-

Page 1 – FINDINGS & RECOMMENDATION

wide pattern or practice of discrimination and hostile work environment; and disparate impact discrimination. Plaintiffs also add allegations seemingly alleging a separate claim for violation of the First Amendment's free exercise/establishment/ speech clauses. For the reasons stated below, the motion should be granted in part and denied n part.

## DISCUSSION

Defendant asserts it is entitled to Eleventh Amendment immunity from the First Amendment Claims. Defendant also contends the new theories are futile because plaintiffs did not exhaust their administrative remedies and those theories also do not relate back to the original complaint rendering them untimely. In addition, defendant argues the amended complaint fails to plead sufficient facts to support the new theories and still does not state a viable failure to accommodate claims for two of the plainitffs.

A.    Eleventh Amendment

The Eleventh Amendment provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The Amendment affirms the fundamental principle of sovereign immunity which limits the grant of judicial authority in Article III of the Constitution. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984).[1] A State's Eleventh Amendment protection from suit has been extended to suits brought by a State's own citizens, Hans v. Louisiana, 134 U.S. 1, 10 (1890), and suits invoking the federal question jurisdiction of Article III. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72-73 (1996).[2]

---

[1] There are two exceptions to Eleventh Amendment immunity, neither of which applies here: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain instances; or (2) a state may waive its immunity by consenting to suit in federal court. Micomonaco v. State of Wash., 45 F.3d 316, 319 (9th Cir. 1995).

[2] Plaintiffs argue the text of the Eleventh Amendment does not prohibit a citizen from suing their own state in federal court and asserts the caselaw is wrong. However, this Court declines plaintiffs' invitation to overrule the United States Supreme Court.

Page 2 – FINDINGS & RECOMMENDATION

A suit against a State agency is considered to be a suit against the State and is also barred by the Eleventh Amendment. Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986). OHSU is an arm of the State of Oregon entitled to Eleventh Amendment immunity. United States ex rel. Doughty v. Oregon Health & Scis. Univ., 2017 WL 1364208, at *3 (D. Or. Apr. 11, 2017). Accordingly, plaintiffs' proposed First Amendment Claims against defendant is futile and the motion to amend to add these claims is denied.

B.     Exhaustion

"[I]t is well settled that a Title VII plaintiff must exhaust administrative remedies by filing a timely EEOC charge, and allegations not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Belciu v. Legacy Health, 2024 WL 3293896, *5 (D. Or. May 22), *adopted by* 2024 WL 3292909 (D. Or. July 3, 2024) (citations and internal quotations, brackets, and ellipses omitted).

Plaintiffs' administrative charges alleged only that OHSU failed to accommodate their religious beliefs. Declaration of Sophie Shaddy-Farnsworth at: Ex. 1, p. 6 (ECF 32-1); Ex 2, p. 7 (ECF 32-2); Ex. 3, p.6 (ECF 32-3); Ex. 4, p. 8 (Ex 32-4); Ex. 5, p. 6 (ECF 32-5); Ex. 6, p. 8 (ECF 32-6).

Different theories of discrimination under Title VII are not interchangeable for administrative exhaustion purposes. See Hamil v. Acts Ret.-Life Cmties., Inc., 2023 WL 6204571, *10 (S.D. Ala. Aug. 31), *adopted by* 2023 WL 6205429 (S.D. Ala. Sept. 21, 2023) (plaintiffs failed to exhaust their administrative remedies regarding claims under Title VII for "disparate treatment, religiously hostile work environment, and harassment on religious grounds" where their "EEOC charges center around their request for an exemption to the vaccination mandate, the Defendants' failure to accommodate their requests and the resulting termination of their employment"); see also Sturgill v. Am. Red Cross, 2023 WL 8701293, *11 (E.D. Mich. Dec. 15, 2023) (merely pleading failure to accommodate claim in vaccine-related religious discrimination case does not "open the door" to other "entirely new theories");

Page 3 – FINDINGS & RECOMMENDATION

Belciu, 2024 WL 3293896 at *5 (limiting court review to "Mrs. Belciu's allegations that Defendant discriminated against Mrs. Belciu by denying her request for a religious accommodation and terminating her employment, because Mrs. Belciu included these allegations in her EEOC charge").

The two cases cited by plaintiffs in their reply do not stand for a different proposition. See ECF 33 at p. 3 (citing Ariz. ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189 (9th Cir. 2016); and Cabrera v. Serv. Emps. Int'l Union, 2020 WL 2559385 (D. Nev. May 19, 2020)). Specifically, Horne related to the "single-filing rule" in regard to "classwide claims." Horne, 816 F.3d at 1203-04. However, this case does not concern a putative class and courts within this District have consistently held that claims such as plaintiffs present individualized fact questions (and, at times, individualized legal questions). See, e.g., Bowerman v. St. Charles Health Sys., 2024 WL 3276131, *11 (D. Or. July 1, 2024); cf. Martinez v. Victoria Partners, 2014 WL 1268705, *7 (D. Nev. Mar. 27, 2014) ("the single-filer rule cannot revive claims which are no longer viable at the time of filing") (citation and internal quotations omitted).

Cabrera held that a plaintiff "has exhausted her administrative remedies if her claim falls within the scope of the EEOC's *actual* investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Cabrera, 2020 WL 2559385 at *6 (citations and internal quotations and brackets omitted). That case allowed claims of retaliation and harassment to go forward because they fell "within the scope of an EEOC investigation." Id. at *7. Here, in contrast, there is no indication that an EEOC investigation would likely reveal facts relating to plaintiffs' new legal theories.[3] Accordingly, leave to amend to add these new theories would be futile and is denied.

---

[3] Plaintiffs are correct that they are entitled to rely on their pre-charge questionnaires or what information they provided to the EEOC or the Bureau of Labor and Industries during the investigation process for the purposes of establishing the scope and extent of their administrative charges. But the proposed amended complaint makes no reference to such facts and thus fails to establish this Court has jurisdiction based on the scope of the EEOC investigation. In addition, plaintiffs do not address defendant's argument that the proposed amended complaint does not allege sufficient facts to support

Page 4 – FINDINGS & RECOMMENDATION

C.      Plaintiffs Ellis' and Brandt's Failure to Accommodate Claims

Defendant asserts plaintiffs Jasmine Ellis and Jill Brandt still fail to plead facts sufficient to support their original failure to accommodate claims.

Plaintiff Ellis alleges her:

> religious exemption stated that she was religiously opposed to taking the COVID-19 vaccine because "I believe God created me with an immune system to fight natural cases of the flu. I believe He can heal me from any disease or sickness, and it is not in His will for me to take something with deadly chemicals and the first MRNA vaccine known to man." Plaintiff's concerns centered around the deadly chemicals in the available COVID-19 vaccines and how they would affect her body. **She was also opposed to the use of aborted fetal tissue in the testing and production of the vaccine** and concerned that the available COVID-19 vaccines could alter her genetic makeup, **which could impact her relationship with God**.

Proposed Amended Complaint (ECF 25-1) at ¶ 7.

Judge Karin Immergut, in a similar case assigned to the undersigned, recently determined:

> Plaintiff Parrish alleges that she could not take the COVID-19 vaccine because she "cannot knowingly partake of a vaccine which is derived in any measure from the use of fetal cell[] lines derived from aborted fetuses" and that doing so would "make her complicit in the act of murder, however far removed" and "morally accountable to God." … This Court has previously recognized such allegations as sufficient under Title VII and O.R.S. 659A.030 at the Motion to Dismiss stage. See Gamon v. Shriners Hosps. for Child., Case No. 3:23-cv-00216-IM, 2024 WL 641715, at *3–5 (D. Or. Feb. 15, 2024). At the Motion to Dismiss stage, this Court has also previously rejected arguments regarding the "fungibility" of certain religious beliefs. See id. "Courts are clear that an allegation of a religious-based abortion-related conflict with COVID-19 vaccine mandates adequately alleges [the first] element of a religious discrimination claim." Prodan v. Legacy Health, No. 23-cv-01195-HZ, 2024 WL 665079, at *5 (D. Or. Feb. 12, 2024). In this Court's view, alleging culpability for murder and potential accountability to God is not a "conclusory objection to [the] use of aborted fetal cell lines."

Opinion and Order dated August 7, 2024, Parrish v. Shriners Hospitals for Children, Case No. 3:24-cv-13-JR (ECF 19) at pp. 2-3. While the allegations regarding plaintiff Ellis' ability to heal herself or concerns about the safety of the vaccine are insufficient to allege a religious discrimination claim as

---

the new theories. For the reasons stated in defendant's response (ECF 31 at pp. 13-17) the proposed motion to amend to add these claims are futile for this additional reason.

Page 5 – FINDINGS & RECOMMENDATION

noted in the Court's previous dismissal order, her allegations regarding fetal cell line use and its impact with her relationship to God is sufficient. However, to the extent defendant notes there is no information to suggest plaintiff informed OHSU of this belief when applying for a religious exemption, the claim is insufficient. As Judge Immergut also noted:

> [T]his Court is not persuaded by Defendant's contention that Plaintiff Parrish's claims must be dismissed because she did "not allege what, if anything, [she] told [Defendant] about [her] belief[s] while seeking an accommodation." … At this procedural posture, it is this Court's role to draw all reasonable inferences in Plaintiffs' favor. See Boquist v. Courtney, 32 F.4th 764, 773 (9th Cir. 2022). The Complaint alleges that Plaintiff Parrish applied for a religious exemption "based on her deeply held Christian beliefs," and from there, the Complaint describes those beliefs, as recounted above…. It is reasonable to infer, therefore, that Plaintiff Parrish similarly elaborated on those beliefs in her exemption request form. Defendant has given no reason for this Court to believe otherwise by, for example, providing the original exemption request form to the Court and arguing that it is incorporated by reference in the Complaint. For all these reasons, Plaintiff Parrish's claims can go forward.

Opinion and Order dated August 7, 2024, Parrish v. Shriners Hospitals for Children, Case No. 3:24-cv-13-JR (ECF 19) at pp. 3-4. In this case, plaintiff alleges she was only provided with one paragraph to describe her religious objections and that had she been given the opportunity, she would have provided more specifics. Proposed Amended Complaint (ECF 25-1) at ¶ 8. Defendant also provides the two separate exemption requests that plaintiff refers to in the proposed amended complaint and neither mention fetal-cell objections. See Declaration of Sophie Shaddy-Farnsworth at Ex. 7 (ECF 32-7). To properly plead a religious discrimination claim, a plaintiff must allege: (1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected her to an adverse employment action because of her inability to fulfill the job requirement. Heller v. EBB Auto. Co., 8 F.3d 1433, 1438 (9th Cir.1993). Plaintiff Ellis' proposed amended complaint fails to allege facts sufficient to plead a cause of action based on the failure to plead she informed defendant of her objection to the vaccine based on any derivation from fetal-cell lines conflicting with her religious beliefs. Further,

Page 6 – FINDINGS & RECOMMENDATION

amendment would be futile since the exemption requests forms incorporated by reference into the proposed complaint are devoid of this information and plaintiff herself has pleaded she was not given the opportunity to explain this to her employer. The form submitted in no way prohibited this explanation. Accordingly, the motion to amend plaintiff Ellis' failure to accommodate claim is denied.

Plaintiff Brandt did apply for a religious exemption. Proposed Amended Complaint (ECF 25-1) at ¶ 20. Accordingly, plaintiff Brandt cannot plead facts to show entitlement to relief and amendment is futile. Accordingly, the motion to amend plaintiff Brandt's claim is denied.

## CONCLUSION

Plaintiffs' motion to amend (ECF 25) should be denied as noted above and otherwise granted. Plaintiffs should file an amended complaint that complies with this analysis within 14 days from the date the ruling on this motion becomes final.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 17th day of September, 2024.

           /s/ Jolie A. Russo
           Jolie A. Russo
      United States Magistrate Judge