IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASMINE ELLIS, TYREL BEERY, MICHELLE LIEBE, JENNIFER (RUBY) CHAVEZ, JILL BRANDT, and ELIZABETH TARRIES,<br><br>        Plaintiffs,<br>   v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY,<br><br>        Defendant. | Case No.: 3:23-cv-01555-JR<br><br>ORDER |

**Adrienne Nelson, District Judge**

      United States Magistrate Judge Jolie A. Russo issued a Findings and Recommendation in this case on September 17, 2024, recommending that this Court grant in part and deny in part plaintiffs' Motion for Leave to File Amended Complaint, ECF [25].  Plaintiffs timely filed objections.  Before defendant's response was due, plaintiffs stipulated to voluntarily withdrawing several of their proposed claims.  Defendant timely responded to plaintiffs' objections.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

      A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.*  No standard of review is prescribed for portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985).  A district judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154.  The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the findings and recommendation be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to

1

1983 amendment.

## DISCUSSION

Plaintiffs Jasmine Ellis, Tyrel Beery, Michelle Liebe, Jennifer (Ruby) Chavez, Jill Brandt, and Elizabeth Tarries bring this action against defendant Oregon Health and Science University, initially alleging employment discrimination in violation of Oregon Revised Statute § 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* On May 16, 2024, the Court dismissed plaintiffs' state law claims with prejudice and the Title VII claims brought by plaintiffs Ellis, Liebe, Chavez, and Brandt without prejudice. Order of May 16, 2024, ECF [18] (adopting Findings & R. of April 1, 2024, ECF [16]).

Plaintiffs now seek leave to amend their complaint to add new allegations to support Ellis, Liebe, Chavez, and Brandt's Title VII failure to accommodate claims and add multiple new theories within plaintiffs' Title VII claims, including wrongful termination/disparate treatment; wrongful reduction in pay; retaliation; pattern or practice discrimination; hostile work environment; and disparate impact. Plaintiffs also appear to add new First Amendment claims.

With respect to the new Title VII theories, Judge Russo found that the proposed amendments are futile because plaintiffs did not exhaust their administrative remedies and do not allege sufficient facts to support the new theories. Findings & R. ("F&R"), ECF [34], at 3-4 & n.3. Plaintiffs initially objected to these findings but subsequently agreed to voluntarily withdraw the new theories. Stip. to Amend Compl., ECF [40], at 2. Plaintiffs' objections relating to the new theories are now moot, and finding no clear error, the Court adopts Judge Russo's findings that plaintiffs' proposed claims under the new theories are futile.

Plaintiffs have two remaining objections to the F&R: (1) defendant is not entitled to Eleventh Amendment immunity as to the proposed First Amendment claims; and (2) plaintiffs Ellis and Brandt state valid claims under Title VII that defendant failed to accommodate their religious beliefs.

A.  **Eleventh Amendment Immunity**

First, plaintiffs argue that "the text of the [Eleventh] Amendment does not prohibit a citizen of a state from suing their own state in federal court." Pls. Objs. to F&R ("Pls. Objs."), ECF [36], at 1.

2

Plaintiffs argue that a state is not entitled to immunity in such suits because "[f]ederal courts are independent bodies that can hold states accountable when state institutions and actors violate the constitutional rights of their citizens." *Id.* Plaintiffs further assert that the Supreme Court's decision in *Hans v. Louisiana*, 134 U.S. 1 (1890), "was wrongly decided and should be reversed[,]" Pls. Objs. 1.

Plaintiffs' argument is baseless. The doctrine of state sovereign immunity is "rooted deeply in our federal structure." *Del Campo v. Kennedy*, 517 F.3d 1070, 1075 (9th Cir. 2008) (citing *Alden v. Maine*, 527 U.S. 706, 712-27 (1999)). It is well established that the Eleventh Amendment bars suits against a state brought by its own citizens. *See Hans*, 134 U.S. at 15-17; *Duhne v. New Jersey*, 251 U.S. 311, 313 (1920); *Emps. of Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). "[A] suit against a state agency is considered to be a suit against the state, and thus is also barred by the Eleventh Amendment." *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986) (citing *Pennhurst*, 465 U.S. at 100). As the F&R correctly noted, defendant is an arm of the State of Oregon entitled to protection under the Eleventh Amendment. F&R 3 (citing *United States v. Or. Health & Scis. Univ.*, No. 3:13-CV-01306-BR, 2017 WL 1364208, at *3 (D. Or. Apr. 11, 2017) (collecting cases) ("Every court that has addressed the issue and conducted an arm-of-the-state analysis has concluded OHSU is an arm of the State of Oregon entitled to Eleventh Amendment immunity.")). Plaintiffs do not attempt to show that any exception to this immunity would apply here. Because defendant is entitled to Eleventh Amendment immunity, the Court adopts Judge Russo's finding that plaintiffs' proposed First Amendment claims are futile.

**B.    Failure to Accommodate Claims**

Second, plaintiffs argue that plaintiffs Ellis and Brandt state valid failure to accommodate claims under Title VII.

1. *Ellis*

Plaintiffs argue that Ellis's religious exemption request as alleged in the proposed amended complaint is valid and that courts cannot "troll through the religious beliefs of a religious employee and

3

pass judgment on which beliefs are sacred and which beliefs are secular." Pl. Objs. 2-4 (citing *University of Great Falls v. National Labor Relations Board*, 278 F.3d 1335 (D.C. Cir. 2002); *Does 1-11 v. Board of Regents of Colorado*, 100 F.4th 1251 (10th Cir. 2024); *Rainey v. Westminster Public Schools*, No. 22-cv-03166-RMR-KAS, 2024 WL 3329048 (D. Colo. July 7, 2024), *report and recommendation adopted*, 2024 WL 4437858 (D. Colo. Sept. 26, 2024)). Plaintiff further argues that "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Id.* at 4 (citing *Thomas v. Rev. Bd. of the Ind. Emp. Sec. Div.*, 450 U.S. 707, 714 (1981)).

As defendant argues, the analysis of a Title VII claim differs from that of a First Amendment claim. A "request for an exemption from a COVID-19 vaccination mandate can be denied on the ground that the employee's belief is not truly religious in nature," *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021), and thus courts must "undertake the delicate task of differentiating between what beliefs are religious and which are not," *Detwiler v. Mid-Columbia Med. Ctr.*, No. 3:22-cv-01306-JR, 2022 WL 19977290, at *5 (D. Or. Dec. 20, 2022), *report and recommendation adopted*, 2023 WL 3687406 (D. Or. May 26, 2023). To state a *prima facie* claim of religious discrimination under Title VII, a plaintiff must establish that "(1) he had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).

Of the cases that plaintiffs offer, only *Rainey* involves a Title VII failure to accommodate claim. *See* 2024 WL 3329048, at *5-12. In *Rainey*, the district court warned against "delving too deeply into the religiosity of a plaintiff's beliefs in determining whether a plaintiff has stated a claim at this early stage of the case." *Id.* at *9. The court noted that although conclusory allegations were insufficient, the plaintiffs would satisfy their burden of showing that their proposed claims were not futile "[s]o long as they are 'connecting their objection . . . to specific religious principles[.]'" *Id.*

Setting aside the fact that the court's decision in *Rainey* is not binding on this Court, nothing in the F&R is inconsistent with the principles described therein, or with any of the cases cited by plaintiffs.

4

Neither the F&R nor defendant attempt to dispute the validity of Ellis's beliefs; in fact, the F&R acknowledged that "[Ellis's] allegations regarding fetal cell line use and its impact with her relationship to God [are] sufficient" to allege a bona fide religious belief. F&R 6. But alleging a bona fide religious belief alone does not state a failure to accommodate claim. *See Heller*, 8 F.3d at 1438. Plaintiffs' objection misses the essential point of the F&R: plaintiffs bear the burden of establishing that they informed defendant of their bona fide religious beliefs and how those beliefs conflicted with the vaccination requirement, and Ellis failed to do so. *See id.* Accordingly, the Court adopts Judge Russo's finding that amendment is futile because plaintiff Ellis fails to allege facts sufficient to state a failure to accommodate claim.

    2.    *Brandt*

Plaintiffs argue that Brandt alleges in the proposed amended complaint that she communicated her religious beliefs to defendant and that "[o]ral conversations with an employer representative are sufficient to place an employer on notice of a person's religious beliefs which conflict with an employer requirement." Pl. Objs. 5 (citing *Heller*, 8 F.3d at 1437).

An employee need only provide their employer "enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements." *Heller*, 8 F.3d at 1439. "Any greater notice requirement would permit an employer to delve into the religious practices of an employee in order to determine whether religion mandates the employee's adherence." *Id.* However, Brandt fails to meet even this minimal standard. Brandt admits that she never submitted a religious exemption request to defendant.[1] Proposed Am. Compl., ECF [25-1], ¶ 20. Brandt's allegation that she told a "lead technologist" about her religious objections to taking one of the COVID-19 vaccines months before the vaccination requirement went into effect is insufficient to allege that she gave defendant information regarding her belief and its conflict with the COVID-19 vaccination requirement. *Id.*; *see Heller*, 8 F.3d at 1439 (alteration in original) (quoting *Chrysler Corp. v. Mann*, 561 F.2d 1282, 1286 (8th Cir. 1977)) (noting that an "employee must, at

---

[1] The Court clarifies the F&R only in noting that Brandt did *not* apply for a religious exemption. *See* F&R 7.

least, 'inform[] his employer of his religious needs'"); *Mann*, 561 F.2d at 1286 (citing *United States v. City of Albuquerque*, 545 F.2d 110, 113-14 (10th Cir. 1976)) ("Where, as here, an employee is disinterested in informing his employer of his religious needs and will not attempt to accommodate his own beliefs through the means already available to him . . . , he may forego the right to have his beliefs accommodated by his employer."), *cert. denied*, 434 U.S. 1039 (1978). Accordingly, the Court adopts Judge Russo's finding that amendment is futile because plaintiff Brandt fails to allege facts sufficient to state a failure to accommodate claim.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Russo's Findings and Recommendation, ECF [34]. Plaintiffs' Motion for Leave to File Amended Complaint, ECF [25], is GRANTED in part and DENIED in part. Plaintiffs are granted leave to amend with respect to the Title VII failure to accommodate claims asserted by plaintiffs Liebe and Chavez. Plaintiffs' motion is otherwise denied. Plaintiffs shall file their amended complaint as set forth above within fourteen (14) days of this Order.

IT IS SO ORDERED.

DATED this 12th day of December, 2024.

_____
Adrienne Nelson
United States District Judge