IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASMINE ELLIS, an Individual,<br>TYREL BEERY, an Individual,<br>MICHELLE LIEBE, an Individual,<br>JENNIFER (RUBY) CHAVEZ, an Individual,<br>JILL BRANDT, an Individual,<br>ELIZABETH TARRIES an Individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>                    Defendant. | 3:23-cv-01555-JR<br><br>ORDER |

RUSSO, Magistrate Judge:

Plaintiffs bring this action asserting failure to accommodate their religious beliefs. Defendant moves to compel plaintiffs to produce their initial discovery and responses to request for production, requests for admissions, and interrogatories. Defendant also seeks expenses incurred as a sanction for non-compliance with discovery obligations necessitating a motion to compel. For the reasons stated below, the motion is granted.

Page 1 –ORDER

On August 30, 2024, defendant served plaintiffs its First Requests for Production, Requests for Admission, and First Set of Interrogatories. Plaintiffs did not respond by the September 30, 2024, deadline. Plaintiffs did not request an extension from defendant to respond to the discovery requests until nearly one month past the response deadline on October 24, 2024. Defendant then informed plaintiffs that their failure to timely respond waived any objections to the discovery requests. Plaintiffs again did not respond.

On January 9, 2025, defense counsel emailed plaintiffs' counsel and again requested production of the outstanding discovery seeking a response by January 15, 2025. Defendant informed plaintiffs that a failure to respond would necessitate the filing of a motion to compel. Plaintiffs again failed to respond.

On the discovery closure date, January 31, 2025, defense counsel contacted the Court in an attempt to informally resolve the discovery dispute. Plaintiffs responded noting that production for three of the four plaintiffs was "about ready." On February 4, 2025, the Court again extended the discovery deadline to March 3, 2025, and again ordered plaintiffs to comply with the defendant's outstanding discovery requests.

On February 28, 2025, plaintiffs' counsel produced some initial Rule 26-7 discovery responses for one plaintiff and responses to OHSU's Request for Admissions for three of the four plaintiffs. On the day of the new deadline for the close of discovery, March 3. 2025, plaintiffs' counsel served responses to OHSU's First Set of Interrogatories for plaintiff Jennifer Chavez and produced some paystubs and tax documents for Chavez but failed to produce any documents or discovery responses for the three other plaintiffs in this case.

On March 4, 2025, defense counsel again reached out to the Court for informal assistance. Having received no response from plaintiffs, defendant filed the instant motion to compel on March 14, 2025. On March 28, 2025, plaintiffs responded:

> Our office has completed both the production of documents as well as provided responsive discovery pleadings. See declaration of counsel in support of this motion with the exhibit showing the latest email containing all responses that have been resent as one package in addition to the document production that was sent out previously.

Response (ECF 53). Accordingly, plaintiffs ask the Court to deny the motion as moot and exercise its discretion to deny any sanctions. It is unclear from plaintiffs' response if complete production has been provided. In the attached email discussion with defense counsel, plaintiffs' counsel's paralegal states "Our office has provided links to each plaintiff's responsive documents with the exception of Michelle Liebe. I should have the document link later this evening and will forward it to you promptly." ECF 54-1 Accordingly, it is not clear if the motion is moot. As such, to the extent any outstanding discovery remains, plaintiffs shall provide the requested discovery by April 5, 2025.

Plaintiffs fail to offer substantial justification (or any justification) for their failure to provide the requested discovery. Accordingly, the Court orders payment of fees incurred in making the motion. See Fed. R. Civ. P. 37(a)(5) (If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.). Defendant made extensive good faith efforts including several informal attempts involving the Court to resolve the discovery dispute. Nonetheless, plaintiffs failed to respond or provide justification for their failure to timely provide discovery. Indeed, plaintiffs failed to

Page 3 –ORDER

comply with the Court's order to produce discovery following several attempts at informal dispute resolution. Accordingly, defendant may file a motion seeking reasonable expenses incurred in making the motion to compel to be assessed against plaintiffs' counsel. The Court advises the parties to agree on a reasonable fee amount prior to filing the motion and then file a stipulated motion assessing the expenses as a sanction.

## CONCLUSION

Defendant's motion to compel and for sanctions (ECF 49) is granted. Plaintiffs shall produce all remaining discovery as requested by April 5, 2025. Defendants may file a motion for reasonable fees as a sanction for expenses incurred in filing the motion by April 22, 2025.

DATED this 1st day of April, 2025.

                              /s/ Jolie A. Russo
                              Jolie A. Russo
                              United States Magistrate Judge