BRENDA K. BAUMGART, OSB No. 992160
brenda.baumgart@stoel.com
TOM R. JOHNSON, OSB No. 010645
tom.johnson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TYREL BEERY, an Individual, MICHELLE LIEBE, an Individual, JENNIFER (RUBY) CHAVEZ, an Individual, ELIZABETH TARRIES, an Individual,<br><br>                    Plaintiffs,<br><br>     v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>                    Defendant. | Case No.: 3:23-cv-01555-JR<br><br>**DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES** |

### I.  LR 7-1(A) CERTIFICATION

As required by Local Rule ("LR") 7-1(a)(1)(A), counsel for Defendant Oregon Health and Science University ("OHSU") conferred with counsel for Plaintiffs regarding this motion. Plaintiffs oppose this motion.

/ / /

Page 1 – DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES

## II. MOTION AND SUPPORTING MEMORANDUM

Pursuant to the Court's Order (Dkt. 55) granting OHSU's Motion to Compel Discovery and for Sanctions (the "Motion") (Dkt. 49), Fed. R. Civ. P. 37 and 54, and Local Rules 37-1 and 54-3, OHSU moves the Court to assess attorneys' fees against Plaintiffs and their counsel as set forth below. In its Order, the Court stated that "defendant may file a motion seeking reasonable expenses incurred in making the motion to compel to be assessed against plaintiffs' counsel" and "advise[d] the parties to agree on a reasonable fee amount prior to filing the motion and then file a stipulated motion assessing the expenses as a sanction." (Dkt. 55 at 4.) The parties have conferred in good faith and attempted to come to an agreement regarding a reasonable fee amount per the Court's Order and to limit motions practice to the extent possible, however, they were unable to do so. Although the Court's Order already awarded OHSU its fees related to the Motion (*id*. at 4), the amount of fees has not yet been determined by the Court. This motion is supported by the concurrently filed Declaration of Sophie Shaddy-Farnsworth ("Shaddy-Farnsworth Decl.") and supporting exhibits attached thereto.

### A. Background.

On March 14, 2025, OHSU filed the Motion because Plaintiffs had not produced discovery owed to OHSU, either pursuant to LR 26-7 or in response to discovery requests issued by OHSU on August 30, 2024. (*See* Dkt. 49.) On April 1, 2025, the Court issued its Order, holding:

> Plaintiffs fail to offer substantial justification (or any justification) for their failure to provide the requested discovery. Accordingly, the Court orders payment of fees incurred in making the motion. See Fed. R. Civ. P. 37(a)(5) (If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees.).

(Dkt. 55 at 3.)

### B. OHSU Is Entitled to Attorneys' Fees.

Pursuant to the Court's Order, OHSU is entitled to an award of all attorneys' fees incurred in bringing the Motion. OHSU's attorneys' fees in this respect amount to $9,137.70.

OHSU is also entitled to recover the attorneys' fees associated with preparing this motion for fees and supporting documents as part of its award, which are currently $3,113.10. *Copeland-Turner v. Wells Fargo Bank, N.A.,* No. 3:11-CV-37-HZ, 2012 WL 92957, at *6-7 (D. Or. Jan. 11, 2012) (allowing recovery of fees incurred in preparing attorneys' fee motion). These fees may increase with additional briefing and argument. (Shaddy-Farnsworth Decl. ¶ 4.)

As set forth below, OHSU's fees represent reasonable preparation time for the underlying Motion and this motion for fees.

### C. OHSU's Attorneys' Rates Are Reasonable.

Reasonable attorneys' fees begin with a determination of the lodestar, which is the product of the number of hours reasonably spent on the litigation and a reasonable hourly rate for the work. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The hourly rates requested for the attorneys and paralegals that participated in this matter are reasonable because they fall within the range of fees customarily charged by attorneys and paralegals with comparable levels of experience at comparable law firms in the Portland area.

The rates for the principal attorneys and paralegal working on this matter are as follows:

| Name | Position | Current Rate | Fees |
|---|---|---|---|
| Brenda K. Baumgart | Partner | $729.00 | $1,676.70 |
| Karen L. O'Connor | Partner | $729.00 | $437.40 |

| Name | Position | Current Rate | Fees |
|---|---|---|---|
| Sophie Shaddy-Farnsworth | Associate | $427.50[1] | $7,290.00 |
| Angela M. Gifford | Paralegal | $346.50 | $415.80 |
| Darise Holland | Paralegal | $328.50 | $2,430.90 |

Reasonable rates are determined by looking at the prevailing rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *See Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir. 1997). The Court has directed that it will use the "most recent Oregon State Bar Economic Survey as its initial benchmark" in determining the reasonable hourly rates. *See* LR 54-3, Practice Tip (referring to U.S. District Court, District of Oregon, Message From the Court Regarding Attorney Fee Petitions (Nov. 21, 2024), https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/public-notices/355-fee-petitions). The hourly rates in this case should be set in the Portland area as that is where OHSU's counsel and their law firm, Stoel Rives, are based. *Arthur v. Murphy Co.,* Civ. No.10-3142-CL, 2012 WL 3010996, at *3 (D. Or. July 23, 2012).[2]

Brenda K. Baumgart, Karen L. O'Connor, and Sophie Shaddy-Farnsworth are each civil litigators, and their rates reasonably reflect their experience in litigation. (Shaddy-Farnsworth Decl. ¶¶ 5-7). Angela Gifford and Darise Holland are paralegals with extensive experience in complex litigation matters, and their rates reasonably reflect their experience. (*Id*. ¶¶ 8-9.)

---

[1] Before December 1, 2024, the hourly rate for Ms. Shaddy-Farnsworth was $360.00. This table includes hours worked at both the previous and current rates (which went into effect on December 1, 2024), and the fees charged reflect work using both rates.

[2] Any award of fees or survey of fees must reflect current conditions. The market for private practice legal services experiences regular price inflation, just as the market for consumer products does. For each of the past 15 years, law firm rates have increased by between 2% and 6% a year. *See* Thomson Reuters Institute & Georgetown Law Center on Ethics & the Legal Profession, *2024 Report on the State of the US Legal Market* (2024), https://www.thomsonreuters.com/en-us/posts/wp-content/uploads/sites/20/2024/01/State-of-US-Legal-Market-2024.pdf.

Page 4 – DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES

As reported in the 2022 Oregon State Bar ("OSB") Economic Survey, Ms. Baumgart's and Ms. O'Connor's **current** rates of $729.00 fall below the 95th percentile of **2021** billing rates for private practice civil litigation (defendant). (*Id*. ¶ 10, Ex. B at 44 (Table 37).) Ms. Baumgart and Ms. O'Connor's **current** rates are only slightly above the **2021** 95th percentile rate for attorneys in downtown Portland admitted to practice with 21 to 30 years' experience. (*Id*. at 43 (Table 36).) Ms. Baumgart and Ms. O'Connor's **current** rates are also consistent with the typical range of rates found by Morones Analytics, LLC, which conducted a 2024 survey of commercial litigation rates in Portland ("Morones Survey"). (*Id*. ¶ 11, Ex. C at 2.) The Morones Survey found that the average rate in **2024** for Portland commercial litigation attorneys with 20 to 29 years of experience was $650.00 per hour, and the average rate for attorneys with 30 or more years of experience was $723.00 per hour. (*Id*.)

As reported in the 2022 OSB Economic Survey, Ms. Shaddy-Farnsworth's **current** rate[3] of $427.50 falls below the mean rate and is essentially identical to the median rate of **2021** billing rates for private practice civil litigation (defendant). (*Id*. ¶ 10, Ex. B at 44 (Table 37).) Ms. Shaddy-Farnsworth's **current** rate also falls below the **2021** 95th percentile rate for attorneys in downtown Portland admitted to practice with 4 to 6 years of experience, and is much closer to the mean and median rates. (*Id*. at 42 (Table 36).) Mr. Shaddy-Farnsworth's **current** rate is also consistent with the typical range of rates found by the Morones Survey. (*Id*. ¶ 11, Ex. C at 2.) The Morones Survey found that the average rate in **2024** for Portland commercial litigation attorneys with 9 or fewer years of experience was $454.00 per hour. (*Id*.)

Angela Gifford and Darise Holland are paralegals with extensive experience in complex

---

[3] Because Ms. Shaddy-Farnsworth's current rate is reasonable, her previous rates (which was lower) is also reasonable.

Page 5 – DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES

litigation matters, and their rates reasonably reflect their experience. (*Id.* ¶¶ 8-9.) Ms. Gifford's **current** rate of $346.50 and Ms. Holland's **current** rate of $328.50 are well below the average rate of $415.00 and the median rate of $425.00 for the Pacific region, as reported in the 2024 ALM/IMPA Annual Compensation Survey for Paralegals, Practice Support Professionals, and Managers. (*Id*. ¶ 12, Ex. D at 72.)

In addition, Stoel Rives rates have been found reasonable in other recent cases. (*Id.* ¶ 13, Ex. E (attaching Legacy Health's Motion for Award of Attorney's Fees, *Matthews v. Legacy Health*, No. 6:24-cv-00592-MC (D. Or. Jan. 24, 2025), and Order Re: Legacy Health's Fees Motion, *Matthews v. Legacy Health*, No. 6:24-cv-00592-MC (D. Or. Mar. 26, 2025) (determining that Stoel Rives attorney rates of $688.50, $544, and $416.50 and paralegal rates of $327.25 were reasonable); Petition for Attorney Fees and Costs, *Easterday Dairy, LLC v. Fall Line Cap., LLC,* No. 22-CV-19843 (Morrow Cnty. Cir. Ct. Sept. 26, 2022), and Opinion Letter Re: Defendant Easterday's Request for Prevailing Party Fee, Attorney Fees and Costs, *Easterday Dairy, LLC v. Fall Line Cap., LLC*, No. 22-CV-19843 (Morrow Cnty. Cir. Ct. Feb. 15, 2023) (determining that that Stoel Rives attorney rates of $760 and $580 and paralegal rate of $405 were reasonable); Farmers Defendants-Appellants' Petition for Attorneys' Fees and Costs, *Mohabeer v. Farmers Ins. Exch.*, No. A172057 (Or. App. Apr. 6, 2022), and Order Allowing Attorney Fees and Costs, *Mohabeer v. Farmers Ins. Exch.,* No. A172057 (Or. App. Sept. 13, 2022) (determining that Stoel Rives attorney rates of $585 and $435 were reasonable); *SPF Brewery Blocks, LLC v. Art Inst. of Portland, LLC*, No. 3:18-CV-1749-MO, 2019 WL 1497029, at *2 (D. Or. Apr. 4, 2019) (determining that Stoel Rives attorney rate of $525 was reasonable); *Schnitzer Steel Indus., Inc. v. Cont'l Cas. Corp.,* No. 3:10-CV-01174-MO, 2014 WL 6063976, at *5-6 (D. Or. Nov. 12, 2014) (finding Stoel Rives attorney rates of $480 and

$560 reasonable), *aff'd sub nom. Schnitzer Steel Indus., Inc. v. Cont'l Cas. Co.*, Nos. 14-35793 & 15-35101, 2016 WL 3059067 (9th Cir. May 31, 2016)).)

### D. The Time Spent on This Matter Was Reasonable and Necessary.

OHSU counsel's hours on this case were reasonable and proportionate to the needs of the case. The fees incurred in this case reflect thoughtful staffing and a careful division of work between timekeepers at different experience levels to maximize efficiency. (*Id.* ¶ 2.) The fees also reflect the unusual backdrop against which OHSU filed the Motion – namely, that Plaintiffs' counsel represents dozens of other former employees in COVID-19 vaccine cases against OHSU, and engaged in the conduct described in the Motion in both this case and several others. (*Id.*) Therefore, to ensure that OHSU presented a complete picture to the Court, it was necessary for defense counsel to review the entire course of events in the relevant cases. (*Id.*) OHSU's fees in preparing the Motion and opposing Plaintiffs and counsel's unsuccessful efforts to contest it are $9,137.70. OHSU's fees in preparing this motion for attorneys' fees and its accompanying documentation are $3,113.10. OHSU therefore requests that the Court issue an order awarding reasonable attorneys' fees in the total amount of $12,250.80.

///

///

///

///

///

///

///

///

///

Page 7 – DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES

### III. CONCLUSION

For the reasons set forth above, OHSU is entitled to recover the fees reasonably incurred in bringing the Motion and this motion. Accordingly, OHSU respectfully requests that the Court order Plaintiffs and their counsel to reimburse OHSU for its fees in the amount of $12,250.80.

DATED: May 6, 2025　　　　　　　　STOEL RIVES LLP

*s/ Sophie Shaddy-Farnsworth*
BRENDA K. BAUMGART, OSB No. 992160
brenda.baumgart@stoel.com
TOM R. JOHNSON, OSB No. 010645
tom.johnson@stoel.com
SOPHIE SHADDY-FARNSWORTH, OSB No. 205180
sophie.shaddy-farnsworth@stoel.com

*Attorneys for Defendant*